UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

FRANCOIS CAPECCHI,

    Plaintiff,

vs.

TBC-TIRE & BATTERY CORPORATION, a
foreign profit corporation d/b/a TBC
CORPORATION,

    Defendant.

_____/

**COMPLAINT**

    Plaintiff, FRANCOIS CAPECCHI, (hereinafter "Plaintiff") by and through his undersigned attorney hereby sues Defendant, TBC-TIRE & BATTERY CORPORATION, a foreign profit corporation (hereinafter, "Defendant"), and states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11, the Americans with Disabilities Act (ADA), the Americans with Disabilities Act Amendments Act (ADAAA) 42 U.S.C. §§ 12101 *et seq.*, the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11, and the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331.

3. Venue is proper in the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendant, because the acts that give rise

1

to Plaintiff's claims occurred within the Southern District of Florida, and because Defendant is subject to personal jurisdiction there.

4. Plaintiff has met all conditions precedent to the maintenance of this action or said conditions have been waived.

## PARTIES

5. Plaintiff, at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen.

6. Plaintiff is a Hispanic male and is a member of a class protected under Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII") and the Florida Civil Rights Act (Fla. Stat. § 760.01 *et seq*., and hereinafter "FCRA") because the terms, conditions, and privileges of his employment were altered because of his race.

7. Plaintiff is a member of a class protected under the ADA, and ADAAA, and the FCRA in that he was subjected to adverse employment action including but not limited to dismissal from employment based on his disability or perceived disability and in retaliation for his disability and request for an accommodation.

8. Plaintiff was an employee covered by the FMLA in that he was employed for at least 12 months and at least 1,250 hours prior to his request for leave. Plaintiff is therefore an "employee" under 29 U.S.C. § 2611(2).

9. Defendant is a foreign corporation organized and existing under and by virtue of the laws of Delaware and authorized to do business in Florida. Defendant operates several stores nationwide. Specifically, Plaintiff worked in Florida and all the actions complained of herein took place within the Southern District of Florida.

10. Defendant has, at all times material, employed 50 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with 29 U.S.C. § 2611(4)(A)(iii) ,Title VII, the ADA, ADAAA, and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

11. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.

12. Plaintiff's Charge was filed on or about March 30, 2021. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

13. Plaintiff was issued a Notice of Right to Sue on November 1, 2021. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation.

14. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

15. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS RELATED TO ALL COUNTS

16. Plaintiff was an employee of Defendant continuously from on or around April 2017 through April 1, 2021.

17. Based on Plaintiff's tenure with the company, positive performance and positive work history through his employment, Plaintiff was fully qualified for his position at the time all discriminatory events complained herein occurred.

18. In 2020, Mr. Michael Laison (Caucasian, American)("Laison") became the Vice-president of the company and Plaintiff's superior.

19. From the outset, Plaintiff noticed that American employees were given better opportunities in virtually all respects of the work environment.

20. On or about November 2, 2020, Plaintiff began to experience symptoms related to COVID 19 virus. Plaintiff immediately notified the Defendant. Plaintiff was required to quarantine while awaiting his results.

21. On or about November 12, 2020, Plaintiff received notification that he tested positive for COVID-19 virus.

22. Plaintiff continued to experience post-COVID conditions and developed long COVID. Long-COVID is a condition that is a disability under the ADA, the ADAAA, and the FCRA in that it substantially limits one or more major life activities. Specifically, as a result of this condition, Plaintiff was experiencing shortness of breath and severe mental and physical fatigue.

23. Plaintiff advised Defendant of his medical condition and the limitations that it caused and requested additional leave as an accommodation. On or about December 1, 2020, Plaintiff provided the medical paperwork in support of his request.

24. On December 15, 2020, Plaintiff was advised that his FMLA leave was approved from November 2, 2020, through December 13, 2020.

25. While on leave, Plaintiff's District Manager, Uriah Gonzalez and HR Manager Sharol Perez-Navarro continuously contacted Plaintiff requesting a date Plaintiff would return to work.

26. Upon his return, Plaintiff was retaliated against and subjected to disparate treatment. Specifically, on or about December 15, 2020, Gonzalez advised Plaintiff that he was being demoted to assistant manager and transferred to another store effective immediately.

27. Upon information and belief, Plaintiff's position as a Store Manager was given to a non-Hispanic employee at Laison's request.

28. As a result of the demotion, Plaintiff's compensation was drastically reduced and Plaintiff was no longer eligible for bonuses. Furthermore, Plaintiff was not allowed to work overtime.

29. Finally, on March 29, 2021, Plaintiff was terminated without valid cause. The reason provided by Defendant that Plaintiff was violating company policy was false.

30. Prior to his leave, Plaintiff was not previously disciplined nor was advised that of his risk of demotion.

31. Defendant's justification(s) for its treatment of Plaintiff, if any, are a mere pretext for unlawful discrimination and retaliation.

32. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's race, disability or perceived disability, and/or request for accommodation were motivating factor(s) in the decision for the adverse employment action(s).

33. Defendant acted with intentional disregard for Plaintiff's rights under Title VII, ADA, ADAA and the FCRA.

34. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

35. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

**COUNT I**
**VIOLATION OF THE FMLA**
**(INTERFERENCE)**

36. Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1-35 above as though the same were fully set forth herein.

37. Plaintiff was eligible for FMLA leave due to his serious health condition pursuant to 29 U.S.C. § 2612(a)(1)(c).

38. He requested leave pursuant to the statute and provided all the information required by Defendant.

39. Under the FMLA, 29 U.S.C. § 2614(a), Plaintiff had the right to take up to twelve workweeks of leave under the Act.

40. When Defendant demoted Plaintiff and/or terminated Plaintiff, Defendant interfered with Plaintiff's right to his position (or its equivalent) and thus violated the FMLA.

41. As a direct result, Plaintiff has suffered, and will continue to suffer, a loss of wages and benefits.

42. Defendant's conduct was not done in good faith and Plaintiff is therefore entitled to liquidated damages in an amount equal to her loss of wages/benefits pursuant to the FMLA, 29 U.S.C. § 2617(a).

43. Defendant by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees.

44. Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should he recover damages from Defendant.

45. Should Plaintiff prevail, Plaintiff is entitled to be awarded reasonable attorney's fees and the costs of this action pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff requests judgment for:

   A. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

  B. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA, all as provided in 29 U.S.C. §2617;

  C. Interest on the amount found due;

  D. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

  E. Plaintiff's costs of suit herein together with reasonable attorney's fees incurred in this action; and

  F. Such other relief as the Court deems just and proper.

## COUNT II
## VIOLATION OF THE FMLA
## (RETALIATION)

39. Plaintiff re-alleges and re-avers the allegations in paragraphs 1-35 above as though the same were fully set forth herein.

40. This is an action under the Family Medical Leave Act of 1993 [29 U.S.C. §§ 2601 et seq.] for retaliation in violation of 29 U.S.C. § 2615(a)(1).

41. Plaintiff was an employee covered by the FMLA in that he was employed for at least 12 months and at least 1,250 hours prior to his request for leave to care for his medical condition. Plaintiff is therefore an "employee" under 29 U.S.C. § 2611(2).

42. At all times relevant hereto, Defendant was a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A)(iii) in that it employed over 50 employees in 20 or more workweeks in the current or preceding calendar year.

43. Plaintiff gave sufficient notice to his employer of her need for leave and provided all necessary paperwork.

44. Plaintiff did take leave from November 2, 2020 through December 13, 2020.

45. On or about December 15, 2020, Defendant demoted Plaintiff from store manager to assistant manager and ultimately terminated Plaintiff's employment.

46. The fact that Plaintiff requested leave was a "protected activity" under the FMLA.

47. Plaintiff's leave request was, at minimum, a motivating factor in Defendant's decision to demote and terminate Plaintiff's employment.

48. Defendant's purported reason(s) for terminating Plaintiff are pretextual.

49. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of other employees. Therefore, the actions of Defendant's employees should be imputed to Defendant

50. Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should he recover damages from Defendant.

WHEREFORE, Plaintiff requests:

A. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA, all as provided in 29 U.S.C. § 2617;

C. Interest on the amount found due;

D. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

E. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

F. Such other relief as the Court deems just and proper.

## COUNT III
## FAILURE TO ACCOMMODATE IN VIOLATION
## OF THE ADA AND ADAAA

51. Plaintiff re-alleges and re-avers the allegations in paragraphs 1-35 above as though the same were fully set forth herein.

46. As a result of Plaintiff being infected with COVID, Plaintiff's ability to breathe and his physical and mental ability were affected. Plaintiff's condition is a disability under the ADA, the ADAAA, and the FCRA in that as a result of this condition, Plaintiff was experiencing shortness of breath and severe mental and physical fatigue which affected his ability to at minimum, breathe, or do any physical activity. These are considered "major life activities" as defined by the ADA and ADAAA.

52. Plaintiff is, and at all times was, qualified to perform the essential functions of his job with or without a proposed reasonable accommodation. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans with Disabilities Act, as amended ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

53. The ADA and the ADAAA prohibit employers from taking adverse employment action against an employee as a result of his actual disability, as a result of an employee's record of having such disability, and/or because the employer regards the employee as disabled, and further requires employers to reasonably accommodate the actual disabilities and/or records of such disabilities of its employees.

54. The adverse treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's demotion and/or termination, as set forth above, was the direct and proximate result of Plaintiff's actual disability.

55. Defendant's alleged bases for its adverse treatment of Plaintiff if any, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

56. Even if Defendant could assert legitimate reasons for its adverse treatment of Plaintiff, which reasons it did not/does not have, Plaintiff's actual disability and/or Plaintiff's record of having such a disability was a also motivating factor for Defendant's adverse treatment of Plaintiff.

57. Defendant engaged in unlawful employment practices in violation of 42 USC §2000e-2 by discriminating against Plaintiff because of his disability or requests for accommodation by demoting and terminating him because of his condition under the circumstances described above.

58. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages and benefits, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

59. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

60. Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

WHEREFORE, Plaintiff requests judgment against Defendant as follow:

    A. Actual damages as a result of Defendant's discriminatory actions;

    B. Punitive damages due to Defendant's willful behavior;

    C. Compensatory damages;

    D. Injunctive relief where feasible;

  E. Attorney's fees;

  F. Costs of this action; and

  G. Any other relief this Court deems proper.

**COUNT IV**
**HANDICAP/DISABILITY DISCRIMINATION UNDER THE FCRA**

61. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-35 of this complaint as if set out in full herein.

62. Section 760.10 of the FCRA states in relevant part:

> (1) it is unlawful employment practice for an employer: (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

63. The FCRA accordingly prohibits employers from taking adverse employment action against an employee as a result of his actual handicap/disability, as a result of an employee's record of having such handicap/disability, and/or because the employer regards the employee as handicapped/disabled, and further requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

64. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's demotion, as set forth above, was the direct and proximate result of Plaintiff's actual disability, which substantially limited him in one or more major life activities, and/or Plaintiff's record of having such disability.

65. Defendant's alleged bases for its adverse treatment of Plaintiff, if any, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

66. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, which reasons it did not/does not have, Plaintiff's actual handicap(s)/disability and/or Plaintiff's record of having such a disability was also a motivating factor for Defendant's adverse treatment of Plaintiff.

67. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

68. Based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

  A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

  B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

  C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    D.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    E.  Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

    F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
## VIOLATION OF THE ADA AND ADAAA
## (RETALIATION)

69. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-35 of this complaint as if set out in full herein.

70. Plaintiff requested leave as a reasonable accommodation(s) as a result of his condition. This request was made to the Plaintiff's supervisor, Mr. Gonzalez.

71. As a direct result of Plaintiff's requests for a reasonable accommodation, Plaintiff was subjected to disparate treatment and adverse employment action.

72. Plaintiff's demotion and his termination constitutes an adverse employment action under the ADA and ADAAA.

73. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under the ADA and ADAAA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

74. Defendant's states reason(s) for denying Plaintiff's request for accommodation is pretextual.

75. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's requests for reasonable accommodation, was a motivating factor in the decision for the adverse employment action(s).

    WHEREFORE, Plaintiff requests that:

    A. The Court award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the ADA and ADAAA.

    B. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

    C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VI
### VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### (RETALIATION)

76. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-35 of this complaint as if set out in full herein.

77. Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 et seq. for Defendant's retaliatory conduct.

78. On or about November 2, 2020, Plaintiff made a request for a reasonable accommodation for his condition. This request was a protected activity under the FCRA.

79. As a direct result of Plaintiff's request, Defendant demoted and ultimately terminated Plaintiff without valid cause.

80. Plaintiff's request for a reasonable accommodation of his disability was a motivating factor in Defendant's decision to demote and terminate Plaintiff.

81. Defendant knew of Plaintiff's disability and his request as Plaintiff made this request to Gonzalez who was a supervisor of Defendant.

82. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, and has suffered emotional distress and damage.

83. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

84. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Ms. Perez-Navarro and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

85. Defendant's alleged reason(s) demoting and terminating Plaintiff (if any) are pretextual as described above.

86. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's requests for a reasonable accommodation and sick leave, were a motivating factor in the decision for the adverse employment action(s).

87. Plaintiff further seeks his attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering

caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. Any other relief this Court deems proper.

## COUNT VII
## VIOLATION OF THE CIVIL RIGHTS ACT
## (DISCRIMINATION BASED ON RACE)

88. Plaintiff re-avers and re-states paragraphs 1–35, as though the same were fully re-written herein, and says:

89. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of his race, Hispanic.

90. Plaintiff is a member of a protected class, to wit, Hispanic.

91. Defendant, by and through Laison and Mr. Gonzalez, did not treat Plaintiff the same as other non-Hispanic employees in that Plaintiff was demoted from his position as Manager and replaced with a non-Hispanic employee after he requested medical leave.

92. Defendant's stated reason(s) for Plaintiff's demotion is pretextual.

93. Defendant did not treat American employees in the same manner. Specifically, JOHN TOMARCHIO (American), a similarly situated employee was reinstated to his position as a manager after being out of his store for a month.

94. Laison, Gonzalez, and Perez Navarro, at all times relevant to this action, acted on behalf of Defendant and acted within the scope of their duties.

95. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

96. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Laison, Perez-Navarro and Gonzalez and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VIII
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (DISCRIMINATION BASED ON RACE)

104. Plaintiff re-avers and re-states paragraphs 1–35, as though the same were fully re-written herein, and says:

105. Plaintiff is a member of a protected class under the Florida Civil Rights Act ("FCRA"), Sections 760.01-760.11, based on her race, Hispanic.

106. Defendant, by and through Laison and Mr. Gonzalez, did not treat Plaintiff the same as other non-Hispanic employees in that Plaintiff was demoted from his position as Manager and replaced with a non-Hispanic employee after he requested medical leave.

107. Defendant's stated reason(s) for Plaintiff's demotion is pretextual.

108. Defendant did not treat American employees in the same manner. Specifically, JOHN TOMARCHIO (American), a similarly situated employee was reinstated to his position as a manager after being out of his store for a month.

109. Laison, Gonzalez, and Perez Navarro, at all times relevant to this action, acted on behalf of Defendant and acted within the scope of their duties.

110. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA.

111. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under the FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Laison, Perez-Navarro, Gonzalez and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the FCRA;

B. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, FRANCOIS CAPECCHI demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: January 28, 2022

**PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com